IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA on behalf of plaintiff and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 19-cv-7139 |
| v. | ) ) | |
| CHAMPION ROOFING, LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action against Defendant Champion Roofing, LLC, to stop Defendant's practice of making phone calls to cellular telephones using an automated telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") to obtain redress for all persons injured by its conduct.

### JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1337 (commerce) and 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). In addition, the Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. The Court has personal jurisdiction over Defendant and venue is proper in this District because:

    a.    Defendant's communications were received by plaintiff in this District;

    b.    Defendant is located in this District; and

    c.    Defendant transacts business in this District.

## PARTIES

4.    Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

5.    Defendant Champion Roofing, LLC, is an Illinois limited liability company with principal offices at 219 William Street, Bensenville, Illinois 60106.

## FACTS

6.    Plaintiff's wife is the subscriber to cellular telephone numbers XXX-XXX-9965 and XXX-XXX-6518.

7.    Plaintiff Scott Dolemba is an authorized user on his wife's cellular account. Plaintiff Scott Dolemba pays the cell phone bills for their cell phone usage.

8.    On at several occasions, most recently as of August 19, 2019, Defendant placed calls using an automated telephone dialing system to a cellular telephone registered to plaintiff's wife and used by Scott Dolemba.

9.    Plaintiff Scott Dolemba answered several of the phone calls. In each call plaintiff answered there was a noticeable pause. Thereafter, a human being came on the line and introduced themselves as a representative from Champion Roofing.

10.    Plaintiff has not consented to the receipt of any calls from Defendant.

11.    Plaintiff has not provided his number to Defendant.

12.    By calling Plaintiff, Defendant caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and plaintiff's statutory

right of privacy was invaded.

13. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

14. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

15. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seek an injunction requiring Defendant to cease all unsolicited calling activities, and an award of damages to the class members, together with costs and reasonable attorneys' fees.

16. Defendant and/or agents acting on its behalf used an automatic telephone dialing system which had the capacity to produce or store and dial numbers randomly or sequentially. The equipment utilized was capable of placing calls *en masse* and without human intervention.

17. The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendant and are made on a repeat basis without consent.

18. Defendants either negligently or willfully violated the rights of plaintiff and other recipients in placing the calls.

## COUNT I – TCPA

19. Plaintiff incorporates by reference paragraphs 1-18.

20. Defendant and/or its agents made unsolicited automated calls to cellular telephone numbers belonging to Plaintiff and other members of the class without their prior express consent.

21. Defendant made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, simultaneously and without human intervention.

22. By making, or having made on its behalf, unsolicited calls to Plaintiff and the class members, using an automated dialing system and without prior express consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

23. Plaintiff and each class member are entitled to statutory damages.

24. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory rights of privacy was invaded.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

26. The class consists of: (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls from Defendant Champion Roofing, LLC on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

27. The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made automated telephone calls to more than 40 persons who fall into the definition of the class. Class members can be identified through Defendant or its agent's records.

28. Plaintiff's claims are typical of the claims of other members of the class, in that Plaintiff and the class members sustained damages arising out of Defendant's uniform wrongful conduct, including the making of unsolicited telephone calls.

29. Plaintiff will fairly and adequately represent and protect the interests of the class,

and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendant has no defenses unique to Plaintiff.

30. There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a. Whether the equipment Defendant used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

    b. Whether Defendant systematically made automated calls to persons without prior express consent to receive such telephone calls;

    c. Whether class members are entitled to treble damages based on the willfulness of Defendant's conduct.

31. Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant for:

    a.    Statutory damages, 47 U.S.C. § 227(b)(3);

    b.    An injunction restraining the conduct complained of;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32. Plaintiff incorporates by reference paragraphs 1-18.

33. Defendant and/or its agents engaged in unfair acts and practices in violation of ICFA § 2, 815 ILCS 505/2, by making unsolicited automated calls to cellular telephone numbers belonging to Plaintiff and other members of the class without their prior express consent.

34. Defendant made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, simultaneously and without human intervention.

35. Defendant's conduct is contrary to public policy, as set forth in the TCPA, and is injurious to consumers.

36. Plaintiff suffered damages as a result of the receipt of the call. Plaintiff's phone was also unusable for the duration of the alleged robocalls. Plaintiff's statutory right of privacy was invaded.

37. Defendant engaged in such conduct in the course of trade and commerce.

38. Defendant should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

39. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

40. The class consists of: (a) all persons with phone numbers in Illinois area codes, (b) who on or after a date 3 years prior to the filing of this action, (c) received calls from defendant Champion Roofing, LLC on their cell phones (d) placed using an automated dialer or a prerecorded or artificial voice.

41. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42. Plaintiff's claims are typical of the claims of other members of the class, in that Plaintiff and the class members sustained damages arising out of Defendant's uniform wrongful conduct, including the making of unsolicited, automated telephone calls.

43. Plaintiff will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendant has no defenses unique to Plaintiff.

44. There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a. Whether the equipment Defendant used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

    b. Whether Defendant systematically made automated calls to persons without prior express consent to receive such telephone calls;

      c.      Whether Defendant's conduct violates the ICFA.

45. Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendant's misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant for:

      a.      Actual damages;

      b.      An injunction restraining the conduct complained of;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

 Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

          /s/ Daniel A. Edelman
          Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

  Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

            /s/ Daniel A. Edelman
            Daniel A. Edelman

T:\36417\pleading\Complaint DRAFT_Pleading.WPD