**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT DOLEMBA | ) | |
| on behalf of plaintiff and all others | ) | |
| similarly situated, | ) | |
| | ) | 19 C 7139 |
| Plaintiff, | ) | |
| | ) | Judge Blakey |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| CHAMPION ROOFING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR SUBSTITUTION OF PLAINTIFF

Herminia Dolemba, surviving widow, sole heir and successor of Plaintiff Scott Dolemba respectfully requests leave to substitute a plaintiff pursuant to Fed. R. Civ. P. 25(a). In support thereof, Mrs. Dolemba states:

1.      Plaintiff passed away on April 24, 2020. Plaintiff filed a motion to suggest the death of Scott Dolemba on May 4, 2020. (*Dkt. No. 24*)

2.      Plaintiff respectfully requests pursuant to Fed. R. Civ. P. 25(a)(1), that this Court substitute Scott Dolemba's wife, Herminia Dolemba, for Scott Dolemba, to act as the Plaintiff and class representative on behalf of Scott Dolemba.

3.      Fed. R. Civ. P. 25(a)(1) states:

 If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

4.      The Seventh Circuit has held that "[a] motion for substitution may be filed only

1

by a party, by the executor or administrator of the decedent's estate, or, if the estate has already

been distributed to the heirs, by them." *Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th Cir. 2008).

*Accord*, *Connor v. Crawford and Co.*, 4:16-CV-105-TLS, 2018 WL 6378366, at *2 (N.D. Ind.

Dec. 5, 2018). As more fully set forth below, because Scott Dolemba does not have assets that

would require the opening of an estate, and no estate will be opened, Herminia Dolemba is

permitted to move for substitution.

5.       The decision of whether to grant the motion for substitution is within the

discretion of the trial court. *Lock Realty Corp. IX v. U.S. Health, LP*, 3:06-CV-487RM, 2009

WL 10694431, at *2 (N.D. Ind. Sept. 23, 2009). While the trial court does have the discretion to

deny the motion, such a denial, without cause, is rare. *First Interstate Bank of Nevada, N.A. v.

Chapman and Cutler*, 83 C 8583, 1986 WL 7346, at *1 (N.D. Ill. June 23, 1986), on

reconsideration *sub nom*. *First Interstate Bank of Nev., N.A. v. Chapman & Cutler*, 83 C 8583,

1986 WL 10050 (N.D. Ill. Sept. 8, 1986), and *aff'd*, 837 F.2d 775 (7th Cir. 1988)(noting that "it

is difficult to imagine a case where discretion might properly be exercised to deny a motion to

substitute for a deceased plaintiff made within the rule's time limits"), citing *Saylor v. Bastedo*,

623 F.2d 230, 237 (2d Cir.1980); *see also In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th

Cir.2010) (explaining that the "Advisory Committee on the 1963 amendments to [Rule] 25

intended that motions to substitute be freely granted").

6.       Scott Dolemba's claim survives his death against Defendants because it is

brought pursuant to 47 U.S.C. 227 *et seq*. Although the TCPA contains no express survivability

clause, courts have found that TCPA claim is not extinguished by the death of the plaintiff due to

its remedial nature. *Sharp v. Ally Financial, Inc*., 328 F.Supp.3d 81 (W.D.N.Y. 2018); *Jewett v.*

2

*Bishop, White Marshall & Weibel, P.S.*, 12-cv-10142, 2013 WL 6818245 (C.D. Cal. Feb. 25, 2013).

7.      Thus, this Court may order substitution of the "proper party," pursuant to the Fed.R.Civ.P. 25(a)(1).

8.      Whether the proposed party is a "proper party" is substantive and is determined by state law. See *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010); *Navin v. Wells Fargo Bank, N.A.*, 199 F.Supp.3d 646, 655 (D. Conn. 2016) ("Whether a person is the 'proper party' is a question of state law.'"); *Tamburo v. Dworkin*, 2012 WL 104545, *3 (N.D. Ill. Jan. 11, 2012).

9.      The proposed substitute need not be a formal administrator or executor of the deceased estate.  *Sinito v. United States Dept. of Justice*, 336 U.S. App. D.C. 86, 176 F.3d 512, 516 (D.C.Cir. 1999) ("the word 'successor'... means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate.").

10.     While the Seventh Circuit has not specifically addressed the question of who the "proper party" may be when no representative has been, or is expected to be, appointed to the deceased party's estate, under Fed R. Civ. P. 25(a)(1), it has spoken directly to substitution in the context of Federal Rule of Appellate Procedure 43(a), which is derived from Rule 25(a). *See Gamble v. Thomas*, 655 F.2d 568, 569 (5th Cir.1981) and *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994).

11.     In *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994), the Seventh Circuit addressed the appropriate party to be substituted for a deceased party to a pending appeal under Fed. R. App. P. 43(a)(1), where no estate representative exists for that deceased party. In so doing, the Seventh Circuit, applied Illinois' survival statute to conclude that, where the deceased

3

party left no known will or executor, it had the power to appoint a special administrator to

prosecute or defend the action pursuant to 735 ILCS 5/2-1008(b).

12.     Specifically, relying on Illinois law, the Seventh Circuit held that when

a party dies without a will and no executor exists "the court in which the suit is pending 'may

appoint a special administrator for the deceased party for the purpose of prosecuting or defending

the action.'" *Id.* at 1123, (quoting 735 ILCS 5/2–1008(b)).

13.     At the time of his death, Herminia Dolemba was legally married to Scott

Dolemba.  Scott Dolemba passed away without a will.  The couple had no children and Herminia

Dolemba is the surviving spouse, successor and sole heir of Scott Dolemba's estate.  Herminia

Dolemba may be appointed as special representative. 735 ILCS 5/2–1008(b)(1).

14.     The attached verified motion of Herminia Dolemba recites the fact that she was

legally married to Scott Dolemba for the past 28 years.  She also states that Scott Dolemba died

without a will, and that they had no children at the time of Mr. Dolemba's passing.  No estate has

been opened and no petition for letters of office has been filed.  (Exhibit 1)

15.     Herminia Dolemba seeks leave to substitute as a plaintiff and appointment as a

special representative in this action for purposes of completing the parties' settlement.

WHEREFORE, Herminia Dolemba, surviving widow, successor and sole heir of Plaintiff

Scott Dolemba, respectfully requests that the Court enter an order, granting leave to substitute

and appoint Herminia Dolemba as the special representative of Scott Dolemba and plaintiff and

class representative in this matter.

Respectfully submitted,

   s/   Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman

4

Heather Kolbus
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on May 21, 2020, I caused a true and accurate copy of the foregoing document to be filed with the Court's CM/ECF system which caused notice via email to be sent to the following:

Peter M. Spingola - pspingola@chapmanspingola.com
CHAPMAN SPINGOLA, LLP
190 S. LaSalle Street, Suite 3850
Chicago, IL 60603

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6