**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HERMINIA DOLEMBA | ) | |
| on behalf of plaintiff and all others | ) | |
| similarly situated, | ) | |
| | ) | 19 C 7139 |
| Plaintiff, | ) | |
| | ) | Judge Blakey |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| CHAMPION ROOFING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Herminia Dolemba ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class, which is unopposed by Defendant Champion Roofing, LLC ("Defendant") came on for hearing on September 24, 2020.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, and good cause having been shown, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

1

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons, who on or after June 4, 2019, received calls by or on behalf of Defendant Champion Roofing, LLC C on their cell phones that were placed using an automated dialer or a prerecorded or artificial voice.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    The Court preliminarily appoints Plaintiff Herminia Dolemba as Class Representative of the Settlement Class and finds that she meets the requirements of Fed. R. Civ. P. 23.

4.    The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5.    If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated.  Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.    The Settlement Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement

Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7. The Settlement Class Administrator is Class-Settlement.com.

8. The form of notice that the Settlement Class Administrator will provide is attached as Exhibit 1 to the Settlement Agreement. Within forty (40) days after entry of this order, the Settlement Class Administrator shall send the Notice and Claim Form via First Class U.S. Mail, with a request for forwarding addresses, substantially in the form of Exhibit 1, to those identified on the Class List. The Settlement Class Administrator will check each address against the NCOA database prior to mailing. Class Counsel will also publish the notice in the form of Exhibit 1, and the Settlement Agreement (excluding exhibits) on their firm's website. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

9. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

      (a) Claim Forms shall be returned by Class Members to the Settlement Class Administrator by mail, postmarked on or before January 4, 2021. Claims not submitted by this date shall be barred.

 

(b)      Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendant's Counsel on or before January 4, 2021, or shall be forever barred. Each objection must contain the following information: (i) the objector's name (or business name, if the objector is an entity), and address; (ii) the cellular telephone number to which the call(s) were placed for the person(s) or entity objecting to the Settlement Agreement; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c)      All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendant by mail postmarked on or before January 4, 2021, or shall be forever barred.

(d)      Requests by any Class Member to opt out of the settlement must be mailed to Settlement Class Counsel and Defendant's Counsel on or before January 4, 2021, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the cellular telephone number (to which the call(s) were made) and (b) a statement to the effect that the Class Member does not want to participate in the settlement.

10.    Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than October 16, 2020.

11.    Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by February 1, 2021.

12. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on February 25, 2021 at 11:00 a.m.

13. All papers in support of the Settlement Agreement shall be filed no later than February 1, 2021. Any responses to objections shall be filed with the Court on or before February 1, 2021. There shall be no replies from objectors.

14. In the event that the settlement does not become final and the Effective Date as that term is defined in the Settlement Agreement does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16. Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund. Defendant shall advance costs of notice and administration from the Settlement Fund (not to exceed $1,225.00) to the Settlement Class Administrator or Settlement Class Counsel within five (5) days after entry of this Order. Defendant shall provide the Class List in MS Word or Excel format to the Settlement Class Administrator within ten (10) business days after this Order is entered.

17. Class Counsel to file their fee petition by November 3, 2020.

ENTERED:

Dated: 9/24/2020

_____
United States District Judge

6