IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMINIA DOLEMBA on behalf of plaintiff and all others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> CHAMPION ROOFING, LLC, <br><br>     Defendant. | 19 C 7139 <br><br> Judge Blakey <br> Magistrate Judge Gilbert |

## STATUS REPORT

Pursuant to the Court's order dated February 25, 2021 (*Dkt. No. 51*), plaintiff made additional efforts to contact the 33 class members who had not submitted claim forms.

Plaintiff received 4 additional claim forms, which have been submitted to the settlement class administrator. Three class members responded that they would not submit a claim.

Plaintiff attempted to contacted all 33 class members by telephone. Calls were successfully placed to 23 class members where plaintiff was either able to leave a voicemail message or speak with a person about the settlement. Plaintiff also followed up with 12 of these 23 class members by email, where plaintiff was able to identify an email address.[1] Class members contacted by email were provided with a copy of the court's order dated February 25, 2021 (*Dkt. No. 51*), the notice and claim form (*Dkt. No. 50-1*, Exhibit 1 to Appendix A to *Dkt. No. 50*), and a link to plaintiff's counsel's website, www.edcombs.com, directing class members

---

[1] At their own expense, plaintiff's counsel asked the settlement administrator to ascertain if email addresses were identifiable for any of the settlement class members using a third-party service. Plaintiff also searched for additional class member email addresses using publicly available information.

to the Class Notices tab where the settlement agreement, notice and claim form were posted. Plaintiff also followed up with additional calls to 17 of these 23 class members. A follow up call to one class member was not successful and plaintiff's call was automatically disconnected.

Calls placed to 6 class members were not successfully connected and plaintiff either received a message that these numbers were no longer in service or the call was not connected. For 2 of these 6 class members, plaintiff was able to identify an email address and these class members were contacted by email about the settlement.

Calls were placed to 4 class members where plaintiff was unable to leave a message or otherwise speak with a person. For 3 of the 4 class members, plaintiff was able to identify an email address and these 3 class members were contacted by email.

After these additional notice efforts, there are now 9 claimants. These additional claimants represent 23% of the entire class (38 class members / 9). In a similar TCPA call case where class members were given notice by U.S. mail and email, and the notice was also posted online, the claims response rate was 7%. *Dolemba v. Fora Financial, LLC*, 16 C 10651 (N.D. Ill.)(*Dkt. No. 73*) (Exhibit A). *See also*, Examples of response rates in TCPA junk fax cases, *Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc*., 12 C 780 (N.D. Ill.)(*Dkt. No. 73*)(fax and publication notice; claims response rate was approximately 2%); *Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Med-Surgical Supply Co*., 12 C 5608 (N.D. Ill.) (*Dkt. No. 90*) (fax notice; claims response rate was 4%); *Dr. William P. Gress v. Northwood, Inc*., 12 C 7278 (N.D. Ill.) (*Dkt. No. 38*)(fax and mail notice; claims response rate was approximately 14%); *Bridgeport Pain Control Center, Ltd. v. MedPlus, Inc.,* 13 C 7465 (N.D. Ill.)(*Dkt. No. 105*) (notice by fax, U.S. Mail, and publication; claims response rate was approximately 7%). The

class member response received in this matter is within the range of other TCPA class settlements.

The Court expressed concerns about satisfaction of the numerosity requirement. Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient). *But see, Anderson v. Weinert Enters.*, 986 F.3d 773 (7th Cir. 2021) (class certification was denied where joining 37 local plaintiffs employed at the same place was feasible).

In this case there are 38 class members who have no apparent connection with one another (other than that Defendant viewed them as prospects) and who are scattered throughout northern Illinois. The class members have no prior relationship with defendant. Each class member was called two or more times, with a total of over 90 calls allegedly placed using an autodialer or prerecorded message or artificial voice in violation of the Telephone Consumer Protection Act (TCPA"). Plaintiff received over 7 calls from defendant. For the foregoing reasons, plaintiff submits that the numerosity requirement is satisfied.

The TCPA provides that a plaintiff may recover the greater of actual damages or $500 for each violation. 47 U.S.C. § 227(b)(3). The Court may increase or treble the damages if it finds that the defendant willfully or knowingly violated the TCPA. Here, the number of violations

3

varies among class members (hypothetically from $1,000.00 to $3,500.00 for non-willful violation) and size of each class member's individual claim varies.

                                         Respectfully submitted,

                                         <u>s/ Heather Kolbus</u>
                                         Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Heather Kolbus, certify that on March 8, 2021, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF system which caused notice via email to be sent to the following:

    Peter M. Spingola – pspingola@chapmanspingola.com
    Robert J. Shapiro – rshapiro@chapmanspingola.com
    Chapman Spingola LLP
    190 S. LaSalle Street, Suite 3850
    Chicago, IL   60603

                            s/ Heather Kolbus
                            Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)