# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HERMINIA DOLEMBA ) | |
| on behalf of plaintiff and all others ) | |
| similarly situated, ) | |
| ) | Case No. 19 C 7139 |
| Plaintiff, ) | |
| ) | Judge John Robert Blakey |
| v. ) | |
| ) | |
| CHAMPION ROOFING, LLC, ) | |
| ) | |
| Defendant. ) | |

## FINAL APPROVAL ORDER

On September 24, 2020, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Herminia Dolemba ("Plaintiff"), on her own behalf and on behalf of the Settlement Class (as defined below), and Defendant Champion Roofing, LLC ("Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement"). *See* [45].

On February 25, 2021, the Court held a telephonic fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Memorandum in Support of Final

Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The parties entered into the Settlement Agreement in without collusion, good faith, following arm's length negotiations.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons, who on or after June 4, 2019, received calls by or on behalf of Defendant Champion Roofing, LLC on their cell phones, that were placed using an automated dialer or a prerecorded or artificial voice.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that

predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Herminia Dolemba is designated as a representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by First Class U.S. Mail, with a request for forwarding addresses to each Settlement Class Member whose identity could be identified through reasonable effort. A supplemental Notice was also sent by U.S. Mail to those Settlement Class Members who had not responded to the initial Notice and whose addresses were

ascertainable. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's website, www.edcombs.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 5 valid and timely claim forms were submitted (13%). The four additional claims submitted after the January 4, 2021 claims deadline also are allowed.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. No person has requested exclusion from the Settlement Class.

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall create a $29,920.00 Settlement Fund, less any costs advanced for notice and administrative expenses ($495.00), pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert to Defendant. No portion of the Settlement Fund shall be used for the costs of supplemental notice to the Settlement Class. Settlement Class Counsel is responsible for the costs of supplemental notice by U.S. Mail.

### Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Settlement Class Counsel's application for attorneys' fees and costs. The Court finds that Class Counsel's requested fees are fair and reasonable and awards Class Counsel the sum of $9,808.33 as an award of attorney's fees and costs to be paid from the Settlement Fund within 14 days of the Effective Date.

15. The Court grants Settlement Class Counsel's request for damages and an incentive award to the class representative and awards $3,500.00 to Herminia Dolemba. The Court finds that this payment is justified by the Class Representative's statutory damages and service to the Settlement Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

### Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of

the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders Defendant to deliver the Net Settlement Fund to the Client Trust Account of Settlement Class Counsel, consistent with the terms of the Settlement Agreement.

19. The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement within thirty (30) days following the Effective Date, as more fully set forth in the Settlement Agreement.

20. Settlement Class Counsel or the Settlement Class Administrator shall make the *cy pres* payments to Chicago Law & Education Foundation, Electronic Privacy Information Center, and CARPLS no earlier than forty-five (45) days after expiration of the void date on the Settlement Class Members' checks.

21. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by October 4, 2021.

22. Class-Settlement.com shall be the Class Administrator to make claim payments and issue and collect W-9 forms. The Settlement Class Administrator shall

send out W-9 forms on April 2, 2021. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. If a Settlement Class Member does not submit a W-9 form, taxes will be withheld from their recovery.

      23.    A hearing on the final accounting of the settlement and for entry of a dismissal order is set for October 21, 2021 at 11:00 a.m. in Courtroom 1203.

Dated: March 18, 2021

                              Entered:

                              _____
                              John Robert Blakey
                              United States District Judge